# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

Deutsche Bank National Trust Company as Trustee for IndyMac Inda Mortgage Loan Trust 2005-AR1, Mortgage Pass-through Certificates Series 2005-AR1,

       Plaintiff

v.

Park 1 at Summerlingate Homeowners' Association,

       Defendant

Case No. 2:17-cv-01761-JAD-BNW

**Order Granting Partial Summary Judgment**

[ECF No. 24]

Deutsche Bank, as trustee for an IndyMac mortgage loan trust, brings this action to challenge the effect of the 2014 non-judicial foreclosure sale of a condominium home on which it claims a deed of trust. Deutsche Bank sues the Park 1 at Summerlingate Homeowners' Association (the HOA), which both conducted the foreclosure sale and ended up as the home's purchaser, seeking a declaration that the sale was invalid or that the HOA purchased the property subject to Deutsche Bank's security interest, and praying for unjust-enrichment damages.[1] Deutsche Bank now moves for summary judgment, arguing among other things that "due to the fraudulent activities by" the HOA and its foreclosure-sale agent, "the HOA Sale is void and Deutsche Bank's Deed of Trust survives the sale."[2] Because Deutsche Bank has established that the sale was affected by fraud and unfairness, I grant its motion and find that the sale should be equitably set aside. But because the bank seeks no relief on its unjust-enrichment claim and

---

[1] ECF No. 1.

[2] ECF No. 24 at 2.

offers no argument about the precise nature of the equitable relief that it is entitled to for this fraud, I enter only partial summary judgment and give the bank until June 20, 2019, to file a final wrap-up motion.

### Statement of Facts

Ryan and Lorri Shultz purchased the condominium home known as unit 1192 of the Park 1 at Summerlingate condominiums in Las Vegas, Nevada in August 2005 with a $139,920 loan from IndyMac Bank, secured by a deed of trust.[3] IndyMac assigned that deed of trust to Deutsche Bank National Trust Company as Trustee for IndyMac's mortgage holdings in 2018.[4]

The home is subject to the declaration of covenants, conditions, and restrictions for the Park 1 at Summerlingate Homeowners' Association.[5] The Nevada Legislature gave HOAs a superpriorty lien against residential property for certain delinquent assessments and established in Chapter 116 of the Nevada Revised Statutes a non-judicial foreclosure procedure for HOAs to enforce that lien.[6] When the assessments on this home became delinquent, the HOA, through its agent Asset Recovery Services, commenced non-judicial foreclosure proceedings on it under Chapter 116 in 2011.[7]

Two years later, the HOA substituted Alessi & Koenig, LLC as its trustee under the lien.[8] Alessi then recorded a notice of trustee's sale on September 24, 2013, which warned that the

---

[3] ECF No. 24-1 at 8.

[4] *Id*. at 39.

[5] *Id*. at 31 (Condominium Rider); 42 (CC&Rs).

[6] Nev. Rev. Stat. § 116.3116; *SFR Investments Pool 1 v. U.S. Bank*, 334 P.3d 408, 409 (Nev. 2014).

[7] ECF No. 24-1 at 117 (notice of delinquent lien assessment), 189 (notice of default and election to sell).

[8] *Id*. at 192.

property would be sold at foreclosure on October 23, 2013, if the lien was not satisfied.[9]  And on October 14, 2014, Alessi caused to be recorded a trustee's deed upon sale in which Alessi represents that "Said property was sold by said Trustee at public auction on **October 23, 2013**[,] at the place indicated on the Notice of Trustee's Sale."[10]  The buyer was the HOA itself, who purportedly purchased the property for $10,734.22.  But information obtained in discovery reveals that the sale did not, in fact, occur until more than a year later in November 2014.

As the Nevada Supreme Court held in *SFR Investments Pool 1 v. U.S. Bank* in 2014, because NRS 116.3116(2) gives an HOA "a true superpriority lien, proper foreclosure of" that lien under the non-judicial foreclosure process created by NRS Chapters 107 and 116 "will extinguish a first deed of trust."[11]  Deutsche Bank brings this action to save its deed of trust from extinguishment, asserting five claims against the HOA that fall into two categories: equitable claims to quiet title by setting aside the foreclosure sale or declaring that the HOA took the property subject to the bank's deed of trust, and a claim for unjust-enrichment damages.[12]

The bank now moves for summary judgment, arguing that the foreclosure sale "is void and Deutsche Bank's Deed of Trust survives the sale."[13]  The HOA did not file an opposition or seek an extension of time to do so, and its deadline for response has long-since passed.  Because the bank does not mention its unjust-enrichment claim or the damages that it prays for under that claim,[14] I construe this motion as one for partial summary judgment on the bank's equitable

---

[9] *Id*. at 195.

[10] *Id*. at 199 (emphasis original).

[11] *SFR Investments Pool 1 v. U.S. Bank*, 334 P.3d at 419.

[12] ECF No. 1.

[13] ECF No. 24 at 2.

[14] *See* ECF No. 1 at 14.

quiet-title claims only. I find that the bank has met its burden to show that the HOA's sale of the property to itself was affected by fraud and unfairness, so I grant summary judgment on the HOA's equitable quiet-title claim on that basis and do not reach its other grounds. But because the bank offers no argument about what precise remedy is appropriate (e.g., whether the sale should be completely unwound and title restored to the Schultzes or the court should simply declare that the foreclosure sale transferred the property to the HOA but did not extinguish the bank's deed of trust), I leave that issue for a future motion.

**Discussion**

**A.     Summary judgment standards**

The principal purpose of the summary-judgment procedure is to isolate and dispose of factually unsupported claims or defenses.[15] The moving party bears the initial responsibility of presenting the basis for its motion and identifying the portions of the record or affidavits that demonstrate the absence of a genuine issue of material fact.[16] When the plaintiff bears the burden of proof at trial "it must come forward with evidence [that] would entitle it to a directed verdict if the evidence went uncontroverted at trial."[17] The plaintiff must establish "beyond controversy every essential element of its" claim in order to avoid trial and prevail on summary judgment.[18]

---

[15] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

[16] *Celotex*, 477 U.S. at 323; *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc).

[17] *C.A.R. Transp. Brokerage Co. v. Darden Restaurants, Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (quoting *Houghton v. South*, 965 F.2d 1532, 1536 (9th Cir. 1992) (citation and quotations omitted)).

[18] *S. California Gas Co. v. City of Santa Ana*, 336 F.3d 885, 888 (9th Cir. 2003).

The failure to oppose a motion for summary judgment does not permit the court to enter summary judgment by default, but the lack of a response is not without consequences.[19] As FRCP 56(e) explains, "If a party fails . . . to properly address another party's assertion of fact . . . the court may . . . consider the fact undisputed for purposes of the motion" and "grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it . . . ."[20]

**B.   The bank has met it burden to show that fraud and unfairness compel partial summary judgment on its equitable quiet-title claim.**

Courts have the equitable power to set aside a foreclosure sale plagued with fraud.[21] "The party seeking to set aside the sale on equitable grounds bears the burden to 'produce evidence showing that the sale was affected by fraud, unfairness, or oppression that would justify setting aside the sale.'"[22] Deutsche Bank has shown, and defendant has failed to refute the evidence, that serious irregularities in this foreclosure proceeding establish that fraud and unfairness affected this sale. The Notice of Trustee's Sale announces that the property would be foreclosed upon on October 23, 2013.[23] The Trustee's Deed Upon Sale recorded on October 14, 2014, states that the HOA (through its agent Alessi) in fact sold the property to itself on October

---

[19] *Heinemann v. Satterberg*, 731 F.3d 914, 917 (9th Cir. 2013).

[20] Fed. R. Civ. P. 56(e)(2) & (3); *Heinemann*, 731 F.3d at 917.

[21] *See Shadow Wood HOA v. N.Y. Cmty. Bancorp*, 366 P.3d 1105, 1111–12 (Nev. 2016) (collecting cases).

[22] *Res. Grp., LLC as Tr. of E. Sunset Rd. Tr. v. Nevada Ass'n Servs., Inc.*, 135 Nev. Adv. Op. 8, 437 P.3d 154, 160 (Nev. Mar. 14, 2019) (quoting *Nationstar Mortg., LLC v. Saticoy Bay LLC Series 2227 Shadow Canyon*, 405 P.3d 641, 643 (Nev. 2017) (internal quotation marks omitted)).

[23] ECF No. 24-1 at 195.

23, 2013.[24]  But discovery in this case revealed that an October 23, 2013, sale could not have occurred:

- Log notes of its foreclosure-sale agent Alessi reflect that the sale did not occur and was postponed seven times without the notices required by NRS 116.31164(5)(b);[25]

- The HOA Board's internal documents reflect that the HOA did not approve the property for foreclosure until September 8, 2014;[26]

- The HOA's financial records do not begin to reflect the property's ownership transfer until December 2014;[27] and

- The HOA's person most knowledgeable testified at deposition that the sale could not have transpired earlier than September 22, 2014, and that, based on the HOA's documents, the sale actually occurred on November 24, 2014.[28]

I thus find that the undisputed totality of the circumstances demonstrates that the sale itself was affected by fraud and unfairness and that equity requires that the sale be set aside. Summary judgment is thus granted in favor of Deutsche Bank and against Park 1 at Summerlingate Homeowners' Association on Deutsche Bank's quiet-title claims.  Because Deutsche Bank did not move for summary judgment on its unjust-enrichment claim or provide points and authorities about what remedy is appropriate (e.g., whether the sale should be completely unwound or the court should declare that the foreclosure sale transferred title to the

---

[24] *Id*. at 199.

[25] ECF No. 24-2 at 2–5.

[26] *Id*. at 81.

[27] *Id*. at 67–77.

[28] *Id*. at 39, ll. 16–18; 50–54.

HOA but did not extinguish the bank's deed of trust), I grant only partial—and not final—judgment in its favor on the basis of fraud and unfairness only.[29]  For relief on its unjust-enrichment claim and the proper scope of the quiet-title judgment, Deutsche Bank has until June 20, 2019, to file a motion.

## Conclusion

IT IS THEREFORE ORDERED that the motion for summary judgment **[ECF No. 24] is GRANTED**; the plaintiff is entitled to summary judgment on its equitable quiet-title claim based on fraud and unfairness;

IT IS FURTHER ORDERED **that plaintiff must file a wrap-up motion for summary judgment on all remaining issues by June 20, 2019**.  The court will delay the entry of judgment until after it has considered that anticipated motion.

Dated: May 22, 2019

_____
U.S. District Judge Jennifer A. Dorsey

---

[29] Because I find that relief is warranted on this basis, I need not and do not reach the bank's remaining grounds.